UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

MARGARET OPOKUA,
    Plaintiff

vs.

VIVIAN BOATENG,
    Defendant

CIVIL ACTION #04-40050 NMG

## DEFENDANT, VIVIAN BOATENG'S, ANSWER TO PLAINTIFF'S COMPLAINT AND CLAIM FOR JURY TRIAL

1. The defendant, Vivian Boateng, denies the allegations contained in paragraph 1 of the plaintiff's Complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

2. The defendant, Vivian Boateng, admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant, Vivian Boateng, denies the allegations contained in paragraph 3 of the plaintiff's Complaint for lack of sufficient knowledge to form a belief as to the truth or falsity thereof.

4. The defendant, Vivian Boateng, denies the allegations contained in paragraph 4 of the plaintiff's Complaint.

5. The defendant, Vivian Boateng, denies the allegations contained in paragraph 5 of the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the damages alleged were caused in whole or in part by the negligence of the plaintiff, Margaret Opokua.

### SECOND AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the damages alleged were caused in whole or in part by the negligence of a third party.

### THIRD AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the plaintiff, Margaret Opokua, assumed the risk of any damage sustained.

### FOURTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that at the time of the alleged accident the plaintiff, Margaret Opokua, was guilty of a violation of the law which violation contributed to the alleged accident.

### FIFTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the contributory negligence of the plaintiff, Margaret Opokua, was at least as great as or greater than the negligence of the defendant, Vivian Boateng, wherefore the plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the negligence of the plaintiff, Margaret Opokua, contributed in some degree to the cause of the accident, wherefore, the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with law.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that this action was not commenced within the time required by the laws made and provided therefor.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint fails to state a cause of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Court does not have personal jurisdiction over the said defendant, wherefore the said defendant requests that this action be dismissed pursuant to F.R.C.P. Rule 12(b)(2).

### TENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(5) for insufficient service of process.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and the plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint should be dismissed as the plaintiff's action is barred by the Doctrine of Laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the plaintiff is not entitled to equitable relief inasmuch as she has been guilty of inequitable conduct and has failed to come into equity with clean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the complaint should be dismissed as the plaintiff's action is barred by the Doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(3) for improper venue.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(1) for lack of jurisdiction over the subject matter.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering the defendant, Vivian Boateng, says that the Complaint should be dismissed for lack of diversity of the parties pursuant to 28 U.S.C. §1332.

The defendant, Vivian Boateng, demands a trial by jury on all issues.

VIVIAN BOATENG

*[signature]*

David F. Hassett, Esquire #544443
Matthew G. Lindberg, Esquire #633630
Hassett & Donnelly, P.C.
484 Main Street, Suite 560
Worcester, MA 01608
(508) 791-6287

Dated: October 19, 2004

## CERTIFICATE OF SERVICE

I, Matthew G. Lindberg, counsel of record for the defendant in this action, do hereby certify that I have served a copy of the foregoing Defendant's Answer to the Plaintiff's Complaint and Claim for Jury Trial, to all parties, by first class mail, postage prepaid, this 19th day of October, 2004, to:

Douglas J. Fox, Esquire
Shumway, Giguere & Fox, P.C.
19 Cedar Street
Worcester, MA 01609

Michael C. Wilcox, Esquire
Aloise & Wilcox, P.C.
1 Exchange Place
Worcester, MA 01608

*[signature]*

Matthew G. Lindberg, Esquire