UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FILED
IN CLERK'S OFFICE
2004 NOV 12 P 1: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

MARGARET OPOKUA,
 Plaintiff

vs.

VIVIAN BOATENG,
 Defendant

CIVIL ACTION #04-40050-NMG

## JOINT MOTION TO STAY LITIGATION UNTIL RESOLUTION OF A PENDING INSURANCE COVERAGE

NOW come the parties to the above matter and move the Court to issue an Order staying the proceedings in this matter until resolution of the claim in the related coverage litigation of Bunker Hill Insurance Company v. Vivian Boateng, et al., Suffolk Superior Court Civil Action No. 2004-00729, which matter involves the same parties and has as its subject matter the same incident that is the subject of the instant matter. In support of said Motion, the parties state that such a stay would be in the interest of justice and judicial economy. As further grounds for his motion, the parties rely on the Memorandum which follows:

### MEMORANDUM OF REASONS WHY THIS MOTION SHOULD BE GRANTED

This matter arises out of personal injuries which the plaintiff, Margaret Opokua, alleges she sustained at property owned by the defendant, Vivian Boateng, on or about August 21, 2002.

At the time of the plaintiff's alleged injuries, the defendant, Vivian Boateng, and her husband, Gerald Boateng, had an insurance policy with Bunker Hill Insurance Company.

Bunker Hill Insurance Company has retained counsel to file an Answer and to defend Vivian Boateng in the instant matter, subject to a reservation of rights.

On or about February 19, 2004, Bunker Hill Insurance Company filed a Declaratory Judgment action, seeking to disclaim coverage for said Vivian Boateng. The Declaratory Judgment action was filed in Suffolk Superior Court as Bunker Hill Insurance Company v. Boateng, et al., Civil Action No. 2004-00729. If Bunker Hill Insurance Company prevails in the Declaratory Judgment action, then such determination would have a significant impact on the course of the instant lawsuit. If coverage is determined to be lacking, the plaintiff may entertain the option of dismissing the instant action. If coverage is determined to exist, then the parties would seek to restore this matter to the regular docket for scheduling purposes. The parties wish to prevent further expenditure of time and expense on this matter, until such time as the coverage issue is resolved.

The parties therefore request that this Court stay further proceedings in this matter until resolution of the coverage dispute in Bunker Hill Insurance Company v. Boateng, et al., Suffolk Superior Court Civil Action No. 2004-00729.

| MARGARET OPOKUA | VIVIAN BOATENG |
|---|---|
| _/s/ Douglas J. Fox_ | _/s/ Matthew G. Lindberg_ |
| Douglas J. Fox, Esquire | Matthew G. Lindberg, Esquire BBO 633630 |
| Shumway, Giguere & Fox P.C. | Hassett & Donnelly, P.C. |
| 19 Cedar Street | 484 Main Street, Suite 560 |
| Worcester, MA 01609 | Worcester, MA 01608 |
| | Tel. (508) 791-6287 |

Dated: November 10, 2004

**CERTIFICATE OF SERVICE**

I, Matthew G. Lindberg, counsel of record for the defendant in this action, do hereby certify that I have served a copy of the foregoing Motion to Stay, to all parties, by first class mail, postage prepaid, this 10th day of November, 2004, to: Douglas J. Fox, Esquire, Shumway, Giguere & Fox P.C., 19 Cedar Street, Worcester, MA 01609.

_/s/ Matthew G. Lindberg_
Matthew G. Lindberg, Esquire